UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELKO COUNTY, a political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>PILOT PEAK LAND, LLC, a Utah Limited Liability Company; and PILOT PEAK LAND NV, LLC, a Utah Limited Liability Company,<br><br>Defendants. | Case No. 3:23-cv-00420-LRH-CSD<br><br>ORDER |

Before the Court is Plaintiff Elko County's motion to remand. ECF No. 10. Defendants Pilot Peak Land, LLC,[1] and Pilot Peak Land NV, LLC (collectively, "Pilot Peak") filed a response in opposition to the motion (ECF No. 12) and Elko County replied (ECF No. 16). For the reasons articulated herein, the Court grants Elko County's motion to remand. Also pending before the Court is Pilot Peak's motion to dismiss. ECF No. 7. Elko County filed a response in opposition to the motion (ECF No. 9) and Pilot Peak replied (ECF No. 11). Because of the Court's ruling on Elko County's motion to remand, the Court denies Pilot Peak's motion to dismiss as moot.

**I.   BACKGROUND**

On August 2, 2023, Elko County[2] commenced this action against Pilot Peak[3] in the Fourth Judicial District Court of the State of Nevada, in and for the County of Elko. ECF No. 1 at 1. The

---

[1] The Court acknowledges that, recently, Pilot Peak Land, LLC, was renamed Pilot Peak Ranches, LLC. ECF No. 8 at 1.
[2] Elko County is a political subdivision of the State of Nevada. ECF No. 1-1 at 3.
[3] Both Pilot Peak entities are Utah limited liability companies. ECF No. 1-1 at 3. While the Court refers to both of the Defendants named in this action collectively as Pilot Peak, the Court henceforth refers to Pilot Peak as a singular noun throughout this Order.

1

action stems from a dispute between the parties regarding ownership of real property in Nevada. *Id.* at 2. In its complaint, Elko County alleges the following information. "Elko County owns, operates, and maintains the North and South Springs water system commonly known as the South Line water system" (the "South Line System"). ECF No. 1-1 at 1. The South Line System stretches approximately five miles from Montello, Nevada, to several water collection boxes located in the Pilot Mountain Range on the border of Nevada and Utah. *Id.* at 1, 2.

Originally, the Southern Pacific Railroad owned the South Line System before deeding it to the Montello Citizens Committee in 1977 (the "1977 Deed"), which included a right of reversion. *Id.* at 1, 2. Approximately two years later, the South Line System was deeded to Montello, and Elko County began maintaining and operating it. *Id.* at 1, 2. Because Montello is an unincorporated municipality within Elko County, its real and personal property belong to Elko County. *Id.* at 2. When a new water system for Montello was completed, the South Line System was disconnected from Montello, but it continued to provide water to several citizens of Elko County. *Id.* This use included the aforementioned water collection boxes. *Id.*

In 2018, Pilot Peak purchased a parcel of land in Nevada and subsequently recorded a deed.[4] *Id.* The South Line System's water collection boxes are located on Pilot Peak's land, but the 1977 Deed granted an easement to Elko County in order to access the South Line System. *Id.* Pilot Peak began making it difficult for Elko County to access the water collection boxes, and ultimately, Elko County discovered that Pilot Peak had cut locks from and altered the boxes, allowing the water to flow onto Pilot Peak's land. *Id.* This alteration prevented the rightful use of water by citizens of Elko County. *Id.* Eventually, Pilot Peak filed a document titled "notice of reversion" with the Elko County Recorder's Office, asserting that, as the successor in interest to Southern Pacific Railroad, Pilot Peak had a reversionary interest under the 1977 Deed. *Id.* at 3.

Shortly thereafter, Elko County commenced this action, seeking a quiet title judgment concerning the South Line System and an injunction against Pilot Peak. *Id.* at 13. On August 28, 2023, Pilot Peak removed this action pursuant to 28 U.S.C. §§ 1332 and 1441. ECF No. 1 at 1, 2.

---

[4] While Pilot Peak Land, LLC, i.e., Pilot Peak Ranches, LLC, owns the parcel of land relevant to this action, for convenience, the Court refers to Pilot Peak as the owner.

1  Pilot Peak then filed a motion to dismiss. ECF No. 7. But, on September 18, 2023, Elko County
2  filed a motion to remand. ECF No. 10. The Court now addresses Elko County's motion to remand.
3  **II.     LEGAL STANDARD**
4  "Federal district courts are courts of limited jurisdiction. They possess only that power
5  authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
6  375, 377 (1994) (internal citations omitted). The statute applicable here, 28 U.S.C. § 1441,
7  authorizes a defendant to remove a civil action filed in state court to the appropriate federal district
8  court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). But removal
9  of an action from state court to federal court may be challenged by motion, and the district court
10 must remand the action back to state court if the federal court lacks original jurisdiction. *See*
11 *generally id.* Federal courts construe removal statutes in favor of remanding a case to state court.
12 *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102,
13 1107 (9th Cir.2010) (internal citations omitted).
14 There are two forms of jurisdiction that federal courts recognize as bases for original
15 jurisdiction over a civil action: (1) federal-question jurisdiction; and (2) diversity jurisdiction. *See*
16 *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) (explaining that federal district
17 courts have original jurisdiction "either through diversity jurisdiction, 28 U.S.C. § 1332, or federal
18 question jurisdiction, 28 U.S.C. § 1331"). Federal courts have federal-question jurisdiction when
19 a "civil action[] arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C.
20 § 1331. Federal courts have diversity jurisdiction when the parties are citizens of different states
21 and "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and
22 costs." *Id.* § 1332(a).
23 **III.    DISCUSSION**
24 Pilot Peak removed Elko County's action to the Court on the basis of diversity jurisdiction.
25 ECF No. 1 at 2, 3. In its motion to remand, Elko County argues that the Court lacks diversity
26 jurisdiction because the action does not meet the threshold amount in controversy requirement of
27 28 U.S.C. § 1331(a). ECF No. 10 at 5. The Ninth Circuit has described the following as "'the
28 appropriate procedure for determining the amount in controversy on removal[.]'"

3

*See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)). Initially, the court should "consider whether it is 'facially apparent' from the complaint that the jurisdictional [threshold] amount is in controversy." *Singer*, 116 F.3d at 377. When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

After careful review, the Court concludes that it is not facially apparent from the complaint that the amount in controversy exceeds $75,000. The complaint does not contain an explicit dollar amount in damages or any numerical value associated with Elko County's requests for quiet title judgment or injunctive relief. *See* ECF No. 1-1. Nor is any value associated with the quiet title and injunctive relief requested by Elko County facially apparent from the complaint. *Id.* Therefore, Pilot Peak bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds $75,000. *See Chavez*, 888 F.3d at 416.

When a court is assessing the amount in controversy, it "may consider allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence[.]" *Id.* (internal citation omitted). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* (quoting *Gonzales v. Carmax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). Conclusory allegations are insufficient. *Id.* (internal citation omitted). Finally, "[t]he amount in controversy is not a prospective assessment of a defendant's liability." *Id.* at 417 (internal citation omitted) (cleaned up). "[I]t is the amount at stake in the underlying litigation . . . assessed at the time of removal[.]" *Id.* (internal citation omitted) (cleaned up). In other words, "the amount in controversy includes all relief claims at the time of removal to which the plaintiff would be entitled if she prevails." *Id.* at 418.

In Pilot Peak's petition for removal, Pilot Peak claims to have established the $75,000 amount in controversy threshold for federal diversity jurisdiction based upon the combined value

4

of the water rights, water system, and rights of way in this action. ECF No. 1 at 3. However, the water rights Pilot Peak relies upon in its notice of removal are not at issue in this action, and Pilot Peak has failed to demonstrate, by a preponderance of the evidence, that the relief sought by Elko County in this action has a value exceeding $75,000. Consequently, the Court concludes that Pilot Peak failed to establish the amount in controversy threshold for federal diversity jurisdiction.

        **A.**        **The amount in controversy does not include Pilot Peak's water rights.**

In its petition for removal, Pilot Peak contends that water rights contained in the 1977 Deed are at controversy in this action. ECF No. 1 at 3. Pilot Peak asserts that the 1977 Deed included 354.52 acre-feet of water rights; 323.84 acre-feet of which are permitted under Utah-issued water rights and 30.68 acre-feet of which are permitted under Nevada-issued water rights. *Id.* However, in its statement regarding removal, Pilot Peak acknowledges that the Utah-issued water rights are not at controversy in this action. *See* ECF No. 8 at 2. In Elko County's motion to remand, Elko County contends that Pilot Peak's water rights are not at issue in this action because the complaint does not include a claim as to any of the water rights that Pilot Peak asserts are at issue. *Id.* Elko County maintains that while it has reported "issues" to the Nevada Division of Water Resources, it does not intend to make any claims specific to water rights in this action, and the two claims it has made in this action are limited to the real property that makes up the water system at issue. *Id.*

After carefully reviewing the relevant material in the record, the Court concludes that Pilot Peak has failed to demonstrate that its water rights are at issue in this action. In an attempt to support its contention that the water rights are at issue, Pilot Peak provides two arguments.[5] ECF No. 12 at 2. The Court addresses each argument in turn. First, Pilot Peak argues that its water rights are at issue because "Pilot Peak owns over 200 acre-feet of senior vested rights to the springs connected to the South Line System that Elko County seeks to prevent Pilot Peak from using." *Id.* However, Pilot Peak misreads the complaint.

---

[5] On August 28, 2023, Pilot Peak filed the affidavit of Mr. Davis Hillis, an individual registered in the State of Nevada as both a professional engineer and a water rights surveyor. ECF No. 1-4. The affidavit echoes Pilot Peak's allegations and arguments contained in its petition for removal, statement regarding removal, and brief in opposition to the motion to remand. Nevertheless, the Court took the affidavit into consideration during its analysis.

In the complaint, Elko County provides the following two claims for relief: (1) a quiet title judgment concerning the South Line System; and (2) an injunction against Pilot Peak. ECF No. 1-1 at 13. Under its second claim, Elko County asserts that Pilot Peak "denied Elko County use of the easement granted to [it] in the 1977 [D]eed as well as [its] right-of-way granted by the Bureau of Land Management." *Id.* Elko County also asserts that Pilot Peak "encroached or trespassed upon its real property by cutting locks and altering the water collection boxes." *Id.* Based upon these assertions, Elko County seeks an injunction preventing Pilot Peak from forcefully accessing the Elko County's property, i.e., the South Line System and "diverting water from the [South Line System] *without prior consent of Elko County*." *See id.* (emphasis added).

Accordingly, adjudicating Elko County's claim requesting injunctive relief does not involve the adjudication of Pilot Peak's water rights. If Elko County prevailed on its second claim, it would not be entitled to any of the water rights Pilot Peak claims are at issue. In fact, Elko County has clarified that, in this action, it does not dispute Pilot Peak's right to its senior vested water rights to the springs connected to the South Line System. ECF No. 16 at 4. Moreover, Pilot Peak fails to provide reason for the Court to believe that, if Elko County prevails in this action, it will not allow Pilot Peak to access and utilize its water through the South Line System in the appropriate manner. Nor does Pilot Peak argue that the cost of complying with the injunction requested by Elko County would exceed $75,000. Thus, Pilot Peak's first argument does not support its contention that Pilot Peak's water rights are at issue in this action.

Turning to its second argument, Pilot Peak argues that its water rights are at issue because it filed a notice of reversion with the Elko County Recorder's Office and, in the complaint, Elko County seeks a quiet title judgment declaring that Pilot Peak's notice of reversion is void. ECF No. 12 at 2, 6, 7. However, Pilot Peak misunderstands the nature of this action. Pilot Peak is correct in so far as it filed a document titled "notice of reversion" with the Elko County Recorder's Office in an attempt to invoke an alleged "reversionary interest" under the 1977 Deed. *See* ECF No. 12 at 2, 3. But Pilot Peak does not provide any further information that would lead the Court to believe that Pilot Peak initiated a legal action to invoke its alleged reversionary interest or made any effort to seek legal recognition of it. Instead, Pilot Peak admits that other than the

6

action initiated by Elko County currently before the Court, "[n]o further proceedings have been had in this matter." ECF No. 1 at 2. Therefore, the only claims at the time of removal were those provided by Elko County in its complaint. ECF No. 1-1 at 13.

As Pilot Peak acknowledges, Elko County "is suing Pilot Peak regarding an ownership dispute of the South Line[] [S]ystem . . . located on Pilot Peak's land[.]" ECF No. 1 at 2. In the complaint, Elko County seeks "quiet title to the real and personal property interests as conveyed in the 1977 [D]eed." ECF No. 1-1 at 14. Elko County clarifies that it asserts "ownership of the real property associated with the South Line" System and seeks a quiet title judgment declaring that "Elko County is entitled to all rights, interests, and title to the [South Line System] as determined by the . . . 1977 [Deed]." *Id.* at 13. While it is true that Elko County seeks a quiet title judgment declaring that Pilot Peak's notice of reversion is void, Elko County's challenge to Pilot Peak's notice of reversion does not challenge Pilot Peak's senior vested water rights to the springs connected to the South Line System. *Id.* at 13, 14.

Rather, Elko County seeks a declaration that Pilot Peak "does not possess a [vested] reversionary right to the property conveyed in the 1977 [D]eed." *Id.* at 14. As a reminder, in its notice of reversion, Pilot Peak argued that the conditions requisite for reversion have occurred on the basis of Elko County allegedly no longer operating the South Line System as contemplated under the 1977 Deed. ECF No. 9-1 at 3; *see also* ECF No. 7-1 at 4. In the complaint, Elko County disputes Pilot Peak's claim that the South Line System reverted to Pilot Peak and it has the right to access the South Line System, including the water collection boxes located on Pilot Peak's property. ECF No. 1-1 at 4.

Accordingly, Elko County does not dispute Pilot Peak's notice of reversion on the basis of Pilot Peak's ownership of its water rights. Adjudicating Elko County's first claim for relief would involve a court determining whether the conditions requisite for reversion under the 1977 Deed have occurred. If Elko County prevailed, Elko County would not be entitled to the water rights Pilot Peak contends are at issue. Instead, Elko County would be entitled to a declaration that, because the requisite conditions have not occurred, Pilot Peak does not possess a vested reversionary right. Thus, Pilot Peak's second argument does not support its contention that Pilot

Peak's water rights are at issue in this action. So, the amount in controversy does not include Pilot Peak's water rights.

### B. Pilot Peak has failed to demonstrate that the amount in controversy exceeds $75,000.

Because Pilot Peak's water rights are not at issue in this action, the water system and rights of way are the only remaining items Pilot Peak contends are at issue. ECF No. 1 at 3. But, as it relates to these items, Pilot Peak has failed to demonstrate, by a preponderance of the evidence, that the relief sought by Elko County in this action has a value exceeding $75,000. Regarding the water system, the relevant relief sought by Elko County in its complaint is an injunction preventing Pilot Peak from allegedly continuing to trespass upon the portion of the South Line System as well as the water collection boxes located on Pilot Peak's land. *See generally* ECF Nos. 1, 1-1.

Pilot Peak broadly contends that the scrap-value of the pipeline from the South Line System has a value over $75,000. ECF No. 8 at 2. In an attempt to support its contention, Pilot Peak provides the affidavit of Mr. Davis Hillis ("Hillis"), an individual registered in the State of Nevada as both a professional engineer and a water rights surveyor. ECF No. 1-4. In his affidavit, Hillis states that "[o]ne barometer for determining the value of a used pipeline is estimating its worth at 70% of the price of new, similar pipe[.]" *Id.* at 2. Hillis then applies this barometer to "the existing 60,000 linear[-]feet of pipeline" and concludes that the estimated salvage value of the South Line System is "over $75,000." *Id.* at 2.

However, Pilot Peak's reliance on Hillis' valuation does not demonstrate, by a preponderance of the evidence, that the relief sought by Elko County in this action has a value exceeding $75,000. Neither Pilot Peak nor Hillis provide any information regarding the basis for the suggested barometer for valuation, i.e., the source of the suggested barometer, what it is based upon, why it is the appropriate barometer in the given situation, or the significance of the percentage used in the valuation. Additionally, Pilot Peak and Hillis admit that the value of the South Line System is likely lower based on its state of disrepair but do not provide the Court with an adjusted numerical value exceeding $75,000. *See* ECF No. 1 at 3; *see also* ECF No. 1-4 at 2.

///

Finally, the basis of pipeline used in Pilot Peak's valuation is not proportional to the amount of pipeline within the parcel of property at issue in this action. Pilot Peak's valuation is based upon the alleged replacement cost of the entire South Line System, which is approximately 68,811 linear feet of pipeline. *Compare* ECF No. 1 at 3 *with* ECF No. 10 at 3, 4. But the only portion of the South Line System at issue is the portion related to the quiet title judgment and injunctive relief sought by Elko County in the complaint, which is the portion of the South Line System located on Pilot Peak's parcel of land in Nevada. *See generally* ECF No. 1-1; *see also* ECF No. 10 at 3–5; ECF No. 16 at 4, 5. And, as Elko County points out, the portion of the South Line System at issue is only 10,979 linear feet, i.e., approximately 16 percent of the 68,811 linear feet relied upon by Pilot Peak in its valuation. ECF No. 10 at 3, 4. Without more than Pilot Peak's conclusory allegations and inaccurate valuation, the Court cannot find that it demonstrated, by a preponderance of the evidence, that the value of the portion of the South Line System at issue in this action exceeds $75,000.

Regarding the rights of way at issue, the relevant relief sought by Elko County in its complaint is an injunction stopping Pilot Peak from allegedly continuing to prevent Elko County from entering Pilot Peak's land pursuant to an easement under the 1977 Deed and rights of way granted by the "Bureau of Land Management." *See generally* ECF Nos. 1, 1-1. In its petition for removal, Pilot Peak relies on an appraisal of the land within Elko County's rights of way conducted in 2023.[6] ECF No. 1 at 3. The appraisal values this land at approximately $10,000. *Id.* However, the $10,000 value from the appraisal is inaccurate because it includes the value of land that is not at issue in this action.

The appraisal values all of the land upon which the South Line System is located and Elko County's rights of way to the South Line System, which includes property Pilot Peak does not own and landowners that are not included in this action. *See* ECF No. 1 at 3; *see also* ECF No. 1-1 at 12, 13; ECF No. 10 at 5; ECF No. 16 at 6. However, all of the land upon which the South Line System is located and all of Elko County's rights of way to the South Line System are not at issue

---

[6] While Pilot Peak argues that the appraisal is "ripe with inaccuracies," it proceeds to rely upon the estimated value from the appraisal, acknowledging that it is "the only currently known estimated value of the land[.]" *See* ECF No. 1 at 3; *see also* ECF No. 1-4 at 2.

in this action. *See* ECF No. 1-1 at 12, 13; *see also* ECF No. 10 at 5. Elko County has not alleged that any other landowner is preventing Elko County from entering the other landowner's property pursuant to a right of way. ECF No. 1-1 at 12, 13; *see also* ECF No. 16 at 6. Pilot Peak is the only property owner Elko County has brought this action against. *Id.* Therefore, the $10,000 appraisal value relied upon by Pilot Peak is inaccurate.

Thus, Pilot Peak has failed to demonstrate, by a preponderance of the evidence, that the relief sought by Elko County in this action has a value exceeding $75,000. Consequently, the Court concludes that Pilot Peak failed to establish the amount in controversy threshold for federal diversity jurisdiction under 28 U.S.C. § 1332(a). Accordingly, removal is not authorized under 28 U.S.C. § 1441(a) because the Court lacks original jurisdiction over this action. As such, the Court grants Elko County's motion to remand.

IV.   **CONCLUSION**

IT IS THEREFORE ORDERED that Elko County's motion to remand (ECF No. 10) is **GRANTED**.

IT IS FURTHER ORDERED that Pilot Peak's motion to dismiss (ECF No. 7) is **DENIED as moot**.

The Clerk of the Court shall **REMAND** this action, 3:23-cv-00420-LRH-CSD, to the Fourth Judicial District for the State of Nevada.

IT IS SO ORDERED.

DATED this 12th day of December, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE